UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| IKE CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00574-JPH-MKK |
| | ) | |
| PABLO PEREZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Ike Campbell, who is currently incarcerated at Putnamville Correctional Facility, alleges in this case that he has not received necessary treatment for his injured knee. Mr. Campbell has also filed a motion for a preliminary injunction. Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

## I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Campbell names the following defendants: Dr. Pablo Perez, Health Service Administrator Sarah Snowden, Attorney Carol Dillon, and Centurion Health of Indiana, the private company that has a contract to provide medical care to inmates incarcerated in the Indiana Department of Correction ("IDOC"). His factual allegations, summarized here, are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

Mr. Campbell tore his ACL and meniscus playing basketball in the summer of 2022 when he was housed at Miami Correctional Facility. An orthopedist recommended surgery to repair this injury, but he was prescribed physical therapy and given a knee brace at Miami.

Mr. Campbell was transferred to Putnamville, and his knee brace was confiscated. Mr. Campbell notes that another inmate at Putnamville had his support braces confiscated, demonstrating a "sub rosa or de facto policy" of improperly confiscating assistive devices in violation of IDOC policy. Dkt. 1 at 3. Mr. Campbell alleges that Dr. Perez and Ms. Snowden have ignored the order for physical therapy and have denied his requests for prescription pain relievers and a replacement knee brace. Instead, he was provided a cane, and Ms. Snowden

told him to "suck it up" when he told her that it did not help. *Id.* Mr. Campbell also alleges that Dr. Perez has dementia and that Ms. Snowden has forged medical documents to appear that they were drafted by Dr. Perez.

Mr. Campbell is pursuing claims in state court based on these allegations, and Ms. Dillon has "filed false and misleading affidavits, altered medical records, and . . . participated in the deletion and fabrication of medical records." Dkt. 1 at 4.

Finally, Mr. Campbell contends that Centurion is responsible under the theory recognized in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Mr. Campbell alleges that Centurion is responsible for the behavior of its employees who show a reckless disregard for the health of their patients.

**III. Discussion of Claims**

Although a plaintiff need not plead legal theories in a complaint, see Fed. R. Civ. P. 8(a), Mr. Campbell states that his claims are brought under the Eighth Amendment, the First Amendment, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act ("RA"). Where a pro se litigant has expressly stated the legal theories he wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory. *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2016) (citing *Clancy v. Office of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606-07 (7th Cir. 2009)). Thus, the Court analyzes Mr. Campbell's claims only under the theories he has identified.

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

First, the claims against Carol Dillon are **dismissed** for failure to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). A person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic*, 313 U.S. 299, 326 (1941). Mr. Campbell has failed to allege that Ms. Dillon, a private attorney, acts under color of state law. He therefore cannot state a constitutional claim against her.

Second, the claims for damages against Centurion are **dismissed** for failure to state a claim upon which relief can be granted. Private corporations acting under color of state law—including those that contract with the state to provide essential services to prisoners—are treated as municipalities for purposes of Section 1983 and can be sued when their actions violate the Constitution. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). To state a *Monell* claim, the plaintiff must identify an action taken by the municipality and allege a causal link between the municipality's action and the deprivation of federal

rights. *Dean,* 18 F.4th at 235. "A municipality 'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Levy v. Marion Co. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019). Mr. Campbell's broad assertion that Centurion should be liable for the actions of its employees fails to raise an inference that any alleged denial of medical care in this case resulted from a policy, practice, or custom by Centurion. Although Mr. Campbell alleges that medical staff have a practice of confiscating medically necessary assistive devices, he also states that he received such a device from medical staff when he was incarcerated at a different IDOC facility. Thus, this conduct cannot be attributed to a *Centurion* practice but rather to the actions of Centurion employees at Putnamville. Centurion cannot be held on a *respondeat superior* theory for the actions of its employees. *Taylor v. Hughes*, 26 F.4th 419, 435 (7th Cir. 2022).

Any First Amendment retaliation claim is **dismissed** for failure to state a claim upon which relief can be granted. To state a First Amendment retaliation claim, a plaintiff must allege three elements: (1) that he engaged in protected First Amendment activity; (2) an adverse action was taken against him that would deter a person of ordinary firmness from participating in future First Amendment activity; and (3) his protected conduct was at least a motivating factor of the adverse action. *See Holleman v. Zatecky*, 951 F.3d 873, 878 (7th Cir. 2020) (citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). Mr. Campbell does not allege facts from which the Court can infer that Dr. Perez or Ms. Snowden denied him care due to any protected speech. Rather, his claims

are better understood through the lens of the Eighth Amendment, i.e. that they were aware that he had a serious medical need but failed to properly address it.

Any claims under the ADA or RA against the individual defendants are **dismissed** for failure to state a claim upon which relief can be granted because individuals employed by Centurion are not amenable to suit under these statutes. *See Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 670 (7th Cir. 2012) (citing 29 U.S.C. § 794(b); 42 U.S.C. § 12131). To state a claim under the Rehabilitation Act or ADA against Centurion, Mr. Campbell must show that (1) he is a qualified person (2) with a disability and (3) Centurion denied him access to a program or activity because of his disability. *See Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015) (quoting *Jaros*, 684 F.3d at 672). Mr. Campbell has not alleged he suffers from a disability or has been denied access to programming due to a disability. Rather, his claims are better understood to state a claim under the Eighth Amendment that the defendants have been deliberately indifferent to his knee injury. Thus, his claims under the ADA and Rehabilitation Act are **dismissed** for failure to state a claim upon which relief can be granted.

Mr. Campbell's Eighth Amendment deliberate indifference claim **shall proceed** against Dr. Perez and Ms. Snowden in their individual capacities based on his allegation that they have denied him a knee brace, pain medication, and other treatment for his injured knee. Mr. Campbell's claim for injunctive relief **shall proceed** against Centurion. *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (noting that proper defendant for injunctive relief request is the

defendant who "would be responsible for ensuring that any injunctive relief is carried out.").

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through September 18, 2026,** in which to file a motion to reconsider the screening order.

The **clerk is directed** to terminate Carol Dillon as a defendant on the docket.

## IV. Conclusion and Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Dr. Pablo Perez, Sarah Snowden, and Centurion in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The individual defendants are identified as employees of Centurion. A copy of this Order and the process documents shall also be served on Centurion electronically. Centurion is ORDERED to provide the full name and last known home address of any defendant who does not waive service if they have such information. This information shall be filed ex parte.

**Finally, Defendants shall respond to the plaintiff's motion for a preliminary injunction, dkt. 3, when they file their answer.**

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 8/25/2026

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

IKE CAMPBELL
108654
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic service to Centurion
Dr. Pablo Perez
Sarah Snowden