UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| IKE CAMPBELL,<br><br>Plaintiff,<br><br>v.<br><br>PABLO PEREZ Doctor,<br>SARAH SNOWDEN HSA,<br>CENTURION HEALTH OF INDIANA, LLC,<br>KIMBERLY A. MYERS,<br>CARL E KUENZLI,<br><br>Defendants. | ) | No. 2:26-cv-00574-JPH-MKK |

**ORDER SCREENING AMENDED COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Ike Campbell is a prisoner currently incarcerated at Putnamville Correctional Facility. He filed this civil action alleging he has received constitutionally inadequate medical care for his injured knee. The Court screened Mr. Campbell's original complaint and allowed him to proceed with Eighth Amendment deliberate indifference claims for damages against Dr. Pablo Perez and Health Services Administrator Sarah Snowden, and a claim for injunctive relief only against Centurion Health of Indiana, LLC. Dkt. 9. Before these defendants answered, Mr. Campbell filed an amended complaint. Dkt. 12. Because the plaintiff is a "prisoner," this Court must screen the amended complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief

against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

**II. The Amended Complaint**

The Court accepts Mr. Campbell's factual allegations as true at the pleading stage but not his legal conclusions. *See Iqbal*, 556 U.S. at 678 ("we must take all of the factual allegations in the complaint as true," but "we 'are not bound to accept as true a legal conclusion couched as a factual allegation'") (quoting *Twombly*, 550 U.S. at 555)). As before, the amended complaint names as defendants Dr. Perez, Ms. Snowden, and Centurion.[1] The amended complaint

[1] The body of the amended complaint also repeats allegations against attorney Carol Dillon. However, she is not listed as a defendant in the caption of the amended complaint, and the Court determined when screening the original complaint that these allegations did not state a claim against Ms. Dillon. Dkt. 9 at 4.

also names as new defendants Dr. Carl Kuenzli and Nurse Practitioner Kimberly Myers. Mr. Campbell continues to seek damages and injunctive relief.

The amended complaint repeats Mr. Campbell's allegations that he tore his ACL and meniscus playing basketball in the summer of 2022 when he was housed at Miami Correctional Facility. An orthopedist recommended surgery to repair this injury, but he was prescribed physical therapy and given a knee brace at Miami.

Mr. Campbell later was transferred to Putnamville, and his knee brace was confiscated. Mr. Campbell notes that another inmate at Putnamville had his support braces confiscated, demonstrating a policy of improperly confiscating assistive devices in violation of IDOC policy. Dkt. 12 at 4. Mr. Campbell alleges that Dr. Perez and Ms. Snowden have ignored the order for physical therapy and have denied his requests for prescription pain relievers and a replacement knee brace. Instead, he was provided a cane, and Ms. Snowden told him to "suck it up" when he told her that it did not help. *Id.* Mr. Campbell also alleges that Dr. Perez has dementia and that Ms. Snowden has forged medical documents to appear that they were drafted by Dr. Perez.

The amended complaint adds allegations that Dr. Kuenzli and NP Myers[2] advised denial of the surgery recommended by the orthopedist. This

[2] The amended complaint is unclear as to whether Dr. Kuenzli and NP Myers treated Mr. Campbell at Miami. However, it appears that they did so, based on the implied timeline of the amended complaint and indications in other cases that Dr. Kuenzli and NP Myers have worked at Miami. *See Tackett v. Wexford of Indiana, LLC, et al.*, No. 1:21-cv-02809-JRS-MJD, dkt. 1 (complaint naming Dr. Kuenzli and NP Myers as medical providers at Miami).

recommendation was in accordance with Centurion policy of avoiding expensive medical procedures. Instead, Centurion only authorized a basic knee brace and physical therapy for Mr. Campbell, despite knowing those treatments "were going to be ineffective." *Id.* at 3. NP Myers did prescribe physical therapy for Mr. Campbell, but he was assigned to the "Short Term Offender Program" before the course of therapy was completed. Mr. Campbell also had multiple cortisone shots in his knee before being transferred to Putnamville.

The lack of appropriate treatment for Mr. Campbell's knee for approximately four years has resulted in pain and possible permanent injury. Recently, on August 10, 2026, Mr. Campbell had an MRI of his knee. It revealed that his injury has been getting progressively worse, including chronic bone damage, because of the lack of appropriate treatment.

## III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, Eighth Amendment claims for damages **shall continue to proceed** against Dr. Perez and Ms. Snowden. Additionally, in light of Mr. Campbell's new allegations that Centurion has denied him necessary medical treatment for his knee based on a policy of avoiding certain procedures for cost reasons, and contrary to treatment recommendations of specialists, a claim for damages **shall proceed** against Centurion based on the theory recognized in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), in addition to the already-proceeding claim against Centurion for injunctive relief. Eighth Amendment deliberate indifference claims also **shall proceed** against Dr. Kuenzli and NP Myers.

## IV. Conclusion and Service of Process

All defendants, including Dr. Kuenzli and NP Myers, have already waived service of process in this action and/or have appeared by counsel. Dkts. 13, 14, 18, 19, 20, 21, 23. Defendants also have filed a motion for an extension of time to file an answer to Mr. Campbell's complaint. That motion, dkt. [24], is **GRANTED**. Defendants shall have through **November 23, 2026**, to answer the amended complaint. **Defendants also are reminded that they must file a response to Mr. Campbell's preliminary injunction motion, dkt. 3, when they file their answer.** No further extensions of this deadline are anticipated.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 10/29/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

IKE CAMPBELL
108654
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only